(C.R.D. 78–12)

## MICHELIN TIRE CORPORATION *v.* UNITED STATES

Court No. 75–9–02467

(Dated July 27, 1978)

*Windels, Marx, Davies & Ives* (*Paul Windels, Jr., John Y. Taggart* of counsel) for the plaintiff.

*Barbara Allen Babcock,* Assistant Attorney General (*David M. Cohen,* Chief, Customs Section; *Edmund F. Schmidt,* trial attorney), for the defendant.

WATSON, Judge: This is an action brought pursuant to 28 U.S.C. § 2632 contesting the denial (under 19 U.S.C. § 1515) of protests filed in accordance with 19 U.S.C. § 1514. The protests were made against the imposition of countervailing duties on entries of tires imported by plaintiff from Canada.

At a pretrial conference the defendant took the position that in this action the court is limited to a review of the administrative record of the proceedings in which the Secretary of the Treasury decided to impose countervailing duties and further limited to deciding whether that decision was arbitrary or capricious. In addition a dispute was apparent as to which party had the burden of proof in this action. Accordingly, the court required the parties to address themselves to these matters in memorandums of law and is treating them as a motion by defendant to limit the scope of trial and a cross motion by plaintiff to place the initial burden of proof on the defendant.

The court is firmly of the opinion that the issue of the correctness of the decision to impose countervailing duties on these entries is subject to a complete trial on the merits without any limitation whatsoever. Defendant apparently looks on this action as being merely a review of whatever countervailing duty proceeding was conducted under 19 U.S.C. § 1303 and is therefore led into the error of presuming that it is governed by principles of judicial review of administrative actions.[1] In reality this action is governed by the normal standards of a trial on the merits as derived from the statutes related to the creation

---

[1] In any event plaintiff has made a persuasive argument that if indeed the scope of review embodied in the Administrative Procedure Act, 5 U.S.C. § 706, applied here, the circumstances would be such as would warrant the *de novo* review of 5 U.S.C. § 706(2)(F). *See* H.R. Rep. No. 1980, 79th Cong., 2d Sess., pp. 45–46.

of the cause of action, notably 19 U.S.C. § 1514 which reads in relevant part as follows:

> . . . [D]ecisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—
>
> (2) the classification and rate and amount of duties chargeable;
> (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;
>
> shall be final and conclusive . . . unless a civil action contesting the denial of a protest . . . is commenced in the United States Customs Court.

Thus, this court obtains its jurisdiction of this case by virtue of a statute which renders the entire substance and underpinning of the decision to assess duty subject to challenge in language of notable broadness.

The underlying decision of the Secretary of the Treasury to order the assessment of countervailing duties is subject to a full trial on the merits by virtue of its being an order or finding entering into the decision of the appropriate customs official to assess countervailing duties on the entries involved in this action. The correctness of the Secretary's decision is therefore *an issue* in the case not the direct objective of the action. It may be the ultimate focus of attention but it is not the inducer of the action and certainly not the determinant of its scope.

In other words, the original decision of the Secretary of the Treasury to impose countervailing duties could not be immediately challenged in court. Only when it was implemented in an assessment of duties on specific entries of merchandise did judicial review become available following the denial of the protest. Then a challenge to the decision to assess duties opens up all the underlying decisions to a full examination. In short, the purpose of the statutory scheme is not a judicial review of underlying administrative proceedings (although the court can examine all aspects of them if necessary) but a trial of issues raised in a challenge to a duty assessment.

Were this not enough, defendant has failed to cite a single case in this court in which the limitations it espouses were adopted.

Turning to the matter of the burden of proof in this action the relevant statute is 28 U.S.C. § 2635(a) which provides as follows:

> In any matter in the Customs Court:
>
> (a) The decision of the Secretary of the Treasury, or his delegate, is presumed to be correct. The burden to prove otherwise shall rest upon the party challenging a decision.

Plaintiff asserts that an initial burden ought to be placed on the defendant to establish facts which would support the imposition of

the countervailing duties. Plaintiff argues that this would be proper because the defendant allegedly has not adequately disclosed the factual basis on which its decision was based, committed manifest legal error, and was otherwise improperly motivated.

The court is not persuaded that plaintiff has demonstrated, in its arguments, the propriety of modifying the burden of proof expressed in the statute. Consequently the resolution of the matters raised in its arguments must await that time when plaintiff advances proof directed to overcoming the presumption of correctness. The cross motion itself must be denied.

In light of the above it is hereby

ORDERED that defendant's motion to limit the scope of trial be denied, and it is further

ORDERED that plaintiff's motion to place a burden of proof on defendant be denied.